Serial: **263285**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 89-R-99001-SCT

*IN RE: THE RULES OF CIVIL PROCEDURE*

**FILED**

JUN 18 2026

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

### EN BANC ORDER

This matter is before the en banc Court on the Court's own motion. The June 8, 2026 En Banc Order No. 262916 is withdrawn and this order is substituted therefor.

Before the en banc Court is the Motion to Amend M.R.C.P. 81 filed by the Supreme Court Advisory Committee on Rules.

The motion was posted for comment from January 25 to February 25, 2021. Then from April 2 to May 4, 2026, proposed amendments to Rules 4 and 81 of the Mississippi Rules of Civil Procedure were posted for comment. Numerous comments were filed. And the Court received input from the Conference of Chancery Judges.

After due consideration, we find that Rules 4 and 81; the titles to Forms 1D and 1DD; and Rule 1.08 of the Uniform Chancery Court Rules should be amended as set forth in the attached Exhibit A.

IT IS, THEREFORE, ORDERED that the motion is granted. The amendments in the attached Exhibit A shall be effective July 1, 2026.

IT IS FURTHER ORDERED that the Clerk of this Court must spread this order upon

the minutes of the Court and send a certified copy to West Publishing Company for publication in the advance sheets of *Southern Reporter, Third Series (Mississippi Edition)*, and in the next edition of the *Mississippi Rules of Court*.

SO ORDERED, this the 18 day of June, 2026.

JOSIAH DENNIS COLEMAN,
PRESIDING JUSTICE
FOR THE COURT

ALL JUSTICES AGREE.

## MISSISSIPPI RULES OF CIVIL PROCEDURE

\* \* \*

### RULE 4. SUMMONS

**(a) Summons: Issuance.** Upon filing of the complaint, the clerk shall forthwith issue a summons.

(1)  At the written election of the plaintiff or the plaintiff's attorney, the clerk shall:

(A) Deliver the summons to the plaintiff or plaintiff's attorney for service under subparagraphs (c)(1) or (c)(3) or (c)(4) or (c)(5) of this rule.

(B) Deliver the summons to the sheriff of the county in which the defendant resides or is found for service under subparagraph (c)(2) of this rule.

(C) Make service by publication under subparagraph (c)(4) of this rule.

(2)  The person to whom the summons is delivered shall be responsible for prompt service of the summons and a copy of the complaint. Upon request of the plaintiff, separate or additional summons shall issue against any defendants.

**(b) Same: Form.** The summons shall be dated and signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint. Where there are multiple plaintiffs or multiple defendants, or both, the summons, except where service is made by publication, may contain, in lieu of the names of all parties, the name of the first party on each side and the name and address of the party to be served. Summons served by process server shall substantially conform to Form 1A. Summons served by sheriff shall substantially conform to Form 1AA.

**(c) Service:**

(1) *By Process Server.* A summons and complaint shall, except as provided in subparagraphs (2) and (4) of this subdivision, be served by any person who is not a party and is not less than 18 years of age. When a summons and complaint are served by process

3

server, an amount not exceeding that statutorily allowed to the sheriff for service of process may be taxed as recoverable costs in the action.

(2) *By Sheriff.*  A summons and complaint shall, at the written request of a party seeking service or such party's attorney, be served by the sheriff of the county in which the defendant resides or is found, in any manner prescribed by subdivision (d) of this rule.  The sheriff shall mark on all summons the date of the receipt by him, and within thirty days of the date of such receipt of the summons the sheriff shall return the same to the clerk of the court from which it was issued.

(3) *By Mail.*

(A)  A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.

(B)  If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint may be made in any other manner permitted by this rule.

(C)  Unless good cause is shown for not doing so, the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within 20 days after mailing the notice and acknowledgment of receipt of summons.

(D)  The notice and acknowledgment of receipt of summons and complaint shall be executed under oath or affirmation.

(4) *By Publication.*

(A)  If the defendant in any proceeding in a chancery court, or in any proceeding in any other court where process by publication is authorized by statute, be shown by sworn complaint or sworn petition, or by a filed affidavit, to be a nonresident of this state or not to be found therein on diligent inquiry and the post office address of such defendant be stated in the complaint, petition, or affidavit, or if it be stated in such sworn complaint or petition that the post office address of the defendant is not known to the plaintiff or petitioner after diligent inquiry, or if the affidavit be made by another for the plaintiff or petitioner, that such post office address is unknown to the affiant after diligent inquiry and he believes it is

unknown to the plaintiff or petitioner after diligent inquiry by the plaintiff or petitioner, the clerk, upon filing the complaint or petition, account or other commencement of a proceeding, shall promptly prepare and publish a summons to the defendant to appear and defend the suit. The summons shall be substantially in the form set forth in Form 1-C.

(B)  The publication of said summons shall be made once in each week during three successive weeks in a public newspaper of the county in which the complaint or petition, account, cause or other proceeding is pending if there be such a newspaper, and where there is no newspaper in the county the notice shall be posted at the courthouse door of the county and published as above provided in a public newspaper in an adjoining county or at the seat of government of the state. Upon completion of publication, proof of the prescribed publication shall be filed in the papers in the cause. The defendant shall have thirty (30) days from the date of first publication in which to appear and defend. Where the post office address of a defendant is given, the street address, if any, shall also be stated unless the complaint, petition, or affidavit above mentioned, avers that after diligent search and inquiry said street address cannot be ascertained.

(C)  It shall be the duty of the clerk to hand the summons to the plaintiff or petitioner to be published, or, at his request, and at his expense, to hand it to the publisher of the proper newspaper for publication. Where the post office address of the absent defendant is stated, it shall be the duty of the clerk to send by mail (first class mail, postage prepaid) to the address of the defendant, at his post office, a copy of the summons and complaint and to note the fact of issuing the same and mailing the copy, on the general docket, and this shall be the evidence of the summons having been mailed to the defendant.

(D)  When unknown heirs are made parties defendant in any proceeding in the chancery court, upon affidavit that the names of such heirs are unknown, the plaintiff may have publication of summons for them and such proceedings shall be thereupon in all respects as are authorized in the case of a nonresident defendant. When the parties in interest are unknown, and affidavit of that fact be filed, they may be made parties by publication to them as unknown parties in interest.

(E)  Where summons by publication is upon any unmarried infant, mentally incompetent person, or other person who by reason of advanced age, physical incapacity or mental weakness is incapable of managing his own estate, summons shall also be had upon such other person as shall be required to receive a copy of the summons under paragraph (2) of subdivision (d) of this rule.

5

(5) *Service by Certified Mail on Person Outside State.* In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

**(d)** *Summons and Complaint: Person to Be Served.* The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows:

(1) Upon an individual other than an unmarried infant or a mentally incompetent person,

    (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or

    (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.

(2) (A) upon an unmarried infant by delivering a copy of the summons and complaint to any one of the following: the infant's mother, father, legal guardian (of either the person or the estate), or the person having care of such infant or with whom he lives, and if the infant be 12 years of age or older, by delivering a copy of the summons and complaint to both the infant and the appropriate person as designated above.

    (B) upon a mentally incompetent person who is not judicially confined to an institution for the mentally ill or mentally deficient or upon any other person who by reason of advanced age, physical incapacity or mental weakness is incapable of managing his own estate by delivering a copy of the summons and complaint to such person and by delivering copies to his guardian (of either the person or the estate) or conservator (of either the person or the estate) but if such person has no guardian or conservator, then by delivering copies to him and copies to a person with whom he lives or to a person who cares for him.

6

(C) upon a mentally incompetent person who is judicially confined in an institution for the mentally ill or mentally retarded by delivering a copy of the summons and complaint to the incompetent person and by delivering copies to said incompetent's guardian (of either the person or the estate) if any he has. If the superintendent of said institution or similar official or person shall certify by certificate endorsed on or attached to the summons that said incompetent is mentally incapable of responding to process, service of summons and complaint on such incompetent shall not be required. Where said confined incompetent has neither guardian nor conservator, the court shall appoint a guardian ad litem for said incompetent to whom copies shall be delivered.

(D) where service of a summons is required under (A), (B) and (C) of this subparagraph to be made upon a person other than the infant, incompetent, or incapable defendant and such person is a plaintiff in the action or has an interest therein adverse to that of said defendant, then such person shall be deemed not to exist for the purpose of service and the requirement of service in (A), (B) and (C) of this subparagraph shall not be met by service upon such person.

(E) if none of the persons required to be served in (A) and (B) above exist other than the infant, incompetent or incapable defendant, then the court shall appoint a guardian ad litem for an infant defendant under the age of 12 years and may appoint a guardian ad litem for such other defendant to whom a copy of the summons and complaint shall be delivered. Delivery of a copy of the summons and complaint to such guardian ad litem shall not dispense with delivery of copies to the infant, incompetent or incapable defendant where specifically required in (A), and (B) of this subparagraph.

(3) Upon an individual confined to a penal institution of this state or of a subdivision of this state by delivering a copy of the summons and complaint to the individual, except that when the individual to be served is an unmarried infant or mentally incompetent person the provisions of subparagraph (d)(2) of this rule shall be followed.

(4) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

(5) Upon the State of Mississippi or any one of its departments, officers or institutions, by delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi.

(6) Upon a county by delivering a copy of the summons and complaint to the president or clerk of the board of supervisors.

(7) Upon a municipal corporation by delivering a copy of the summons and complaint to the mayor or municipal clerk of said municipal corporation.

(8) Upon any governmental entity not mentioned above, by delivering a copy of the summons and complaint to the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity. Service upon any person who is a member of the "group" or "body" responsible for the administration of the entity shall be sufficient.

**(e) Waiver.** Any party defendant who is not an unmarried minor or mentally incompetent may, without filing any pleading therein, waive the service of process or enter his or her appearance, either or both, in any action, with the same effect as if he or she had been duly served with process, in the manner required by law on the day of the date thereof. Such waiver of service or entry of appearance shall be in writing dated and signed by the defendant and duly sworn to or acknowledged by him or her, or his or her signature thereto be proven by two (2) subscribing witnesses before some officer authorized to administer oaths. Any guardian or conservator may likewise waive process on himself and/or his ward, and any executor, administrator, or trustee may likewise waive process on himself in his fiduciary capacity. However, such written waiver of service or entry of appearance must be executed after the day on which the action was commenced and be filed among the papers in the cause and noted on the general docket.

**(f) Return.** The person serving the process shall make proof of service thereof to the court promptly. If service is made by a person other than a sheriff, such person shall make affidavit thereof. If service is made under paragraph (c)(3) of this rule, return shall be made by the sender's filing with the court the acknowledgment received pursuant to such subdivision. If service is made under paragraph (c)(5) of this rule, the return shall be made by the sender's filing with the court the return receipt or the returned envelope marked "Refused." Failure to make proof of service does not affect the validity of the service.

**(g) Amendment.** At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process is issued.

**(h) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was

8

not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

**(i) Procedure in Certain Actions and Matters.** The special rules of procedure set forth in this paragraph shall apply to the actions and matters enumerated in subparagraphs (1) and (2) hereof and shall control to the extent they may be in conflict with any other provision of these rules.

(1) The following actions and matters shall be triable 30 days after completion of service of process in any manner other than by publication or 30 days after the first publication where process is by publication, to-wit: adoption; correction of birth certificate; alteration of name; termination of parental rights; paternity; legitimation; uniform reciprocal enforcement of support; determination of heirship; determination of wrongful death beneficiaries; partition; probate of will in solemn form; caveat against probate of will; will contest; will construction; child custody actions; child support actions; and establishment of grandparents' visitation.

(2) The following actions and matters shall be triable 7 days after completion of service of process in any manner other than by publication or 30 days after the first publication where process is by publication, to wit: removal of disabilities of minority; temporary relief in divorce, separate maintenance, paternity actions, child custody, or child support matters; modification or enforcement of custody, support, and alimony judgments; contempt; and estate matters and wards' business in which notice is required but the time for notice is not prescribed by statute or by subparagraph (1) above.

(3) Unanswered Ccomplaints and petitions filed in the actions and matters enumerated in subparagraphs (1) and (2) above shall not be taken as confessed or subject to default judgment, and adequate proof is required to support a judgment.

(4) No answer shall be required in any action or matter enumerated in subparagraphs (1) and (2) above, but any defendant or respondent may file and serve an answer or other pleading, or the court may require an answer order a party to answer if it deems it necessary to properly develop the issues properly. A party who fails to file an answer after being required ordered so to do shall not be permitted to present evidence on his behalf. Any defendant or respondent may file and serve counterclaims and cross-claims pursuant to M.R.C.P. 13, and service of any such counterclaims or cross-claims shall be made pursuant to M.R.C.P. 5 without necessity of further process.

(5) Upon the filing of any action or matter listed in subparagraphs (1) and (2) above, a summons returnable to a date, time and place certain and in substantial conformity with Form 1D or Form 1DD shall be issued commanding the defendant or respondent to appear and defend at a the specified date, time and place, either in term time or vacation, at which

9

the same such action shall be heard. Said time and place shall be set by special order, general order or rule of the court. Said date, time and place shall be set by court order, or the court may authorize its clerk or court administrator to set such actions for original hearings and to designate dates to continue the same for hearing at a later time. If a defendant or respondent who has been properly served with process pursuant to this Rule does appear at the initial setting of such action, notice of later hearings or proceedings shall be given in the manner provided for in Rule 5. If a defendant or respondent who has been properly served with process pursuant to this Rule does not appear at the initial setting of such action, no further notice or process is required. If such action or matter is not heard on the day set for hearing, it may by order signed on that day be continued to a later day for hearing without additional summons on the defendant or respondent. The court may by order or rule authorize its clerk to set such actions or matters for original hearing and to continue the same for hearing on a later date.

(6) Rule 5(b) notice shall be sufficient as to any temporary hearing in a pending divorce, separate maintenance, custody or support action provided the defendant has been summoned to answer the original complaint. Once the court has acquired personal jurisdiction, Rule 5(b) notice shall be sufficient as to: (A) any temporary hearing in a pending divorce, separate maintenance, paternity, custody, or support action, provided the defendant was summoned to answer the original complaint; and (B) any subsequent counterclaim or cross-claim filed pursuant to these rules; and (C) any motion for further proceedings, including, but not limited to, contempt of temporary orders and other proceedings arising in connection with or out of the original action.

[Amended effective May 1, 1982; March 1, 1985; February 1, 1990; July 1, 1998; January 3, 2002; July 1, 2026.]

\* \* \*

## RULE 81. APPLICABILITY OF RULES

(a) **Applicability in General.** These rules apply to all civil proceedings but are subject to limited applicability in the following actions which are generally governed by statutory procedures.

(1) proceedings pertaining to the writ of habeas corpus;

(2) proceedings pertaining to the disciplining of an attorney;

(3) proceedings pursuant to the Youth Court Law and the Family Court Law;

(4) proceedings pertaining to election contests;

10

(5) proceedings pertaining to bond validations;

(6) proceedings pertaining to the adjudication, commitment, and release of narcotics and alcohol addicts and persons in need of mental treatment;

(7) eminent domain proceedings;

(8) Title 91 of the Mississippi Code of 1972;

(9) Title 93 of the Mississippi Code of 1972;

(10) creation and maintenance of drainage and water management districts;

(11) creation of and change in boundaries of municipalities;

(12) proceedings brought under sections 9-5-103, 11-1-23, 11-1-29, 11-1-31, 11-1-33, 11-1-35, 11-1-43, 11-1-45, 11-1-47, 11-1-49, 11-5-151 through 11-5-167, and 11-17-33, Mississippi Code of 1972.

Statutory procedures specifically provided for each of the above proceedings shall remain in effect and shall control to the extent they may be in conflict with these rules; otherwise these rules apply.

**(b) Summary Proceedings.** In *ex parte* matters where no notice is required proceedings shall be as summary as the pertinent statutes contemplate.

**(c) Publication of Summons or Notice.** Whenever a statute requires summons or notice by publication, service in accordance with the methods provided in Rule 4 shall be taken to satisfy the requirements of such statute.

**(d)** [Moved to Rule 4(i).]

**(ed) Proceedings Modified.** The forms of relief formerly obtainable under writs of fieri facias, scire facias, mandamus, error coram nobis, error coram vobis, sequestration, prohibition, quo warranto, writs in the nature of quo warranto, and all other writs, shall be obtained by motions or actions seeking such relief.

**(fe) Terminology of Statutes.** In applying these rules to any proceedings to which they are applicable, the terminology of any statute which also applies shall, if inconsistent with these rules, be taken to mean the analogous device or procedure proper under these rules; thus (and these examples are intended in no way to limit the applicability of this general statement):

11

*Bill of complaint, bill in equity, bill,* or *declaration* shall mean a *complaint* as specified in these rules;

*Plea in abatement* shall mean *motion*;

*Demurrer* shall be understood to mean *motion to strike* as set out in Rule 12(f);

*Plea* shall mean *motion* or *answer*, whichever is appropriate under these rules;

*Plea of set-off* or *set-off* shall be understood to mean a permissible counter-claim;

*Plea of recoupment* or *recoupment* shall refer to a compulsory counter-claim;

*Cross-bill* shall be understood to refer to a counter-claim, or a cross-claim, whichever is appropriate under these rules;

*Revivor, revive,* or r*evived,* used with reference to actions, shall refer to the substitution procedure stated in Rule 25;

*Decree pro confesso* shall be understood to mean entry of default as provided in Rule 55;

*Decree* shall mean a judgment, as defined in Rule 54;

**(gf) Procedure Not Specifically Prescribed.** When no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the Constitution of the State of Mississippi, these rules, or any applicable statute.

[Amended effective June 24, 1992; April 13, 2000; July 1, 2026.]

\* \* \*

### FORM 1D. RULE 8̶1̶ 4(i) SUMMONS

\* \* \*

### FORM 1DD. RULE 8̶1̶ 4(i) SUMMONS

12

# UNIFORM CHANCERY COURT RULES

* * *

RULE 1.08

WITHDRAWAL OF COUNSEL

(A) When an attorney makes an appearance for any party in an action, the attorney will not be allowed to withdraw as counsel for the party except upon: (1) written motion; (2) reasonable notice to the client and opposing counsel; and (3) order of the court.

(B) Reasonable notice to the client within the meaning of this rule requires either that:

(1) the client has agreed to and signed off on the order allowing withdrawal;

(2) the client has agreed to and joined in the motion for withdrawal; or

(3) the client has been timely served with an M.R.C.P. Rule 81 4(i) summons for the date and time of the hearing.

13